DOROTHY GALLANT & another *vs.* FEDERAL MUTUAL
INSURANCE COMPANY
(and two companion cases [1]).

Middlesex.    March 7, 1968. — April 4, 1968.

Present: WILKINS, C.J. WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Insurance,* Fire insurance; limitation of time for suit, waiver, estoppel.
*Waiver. Estoppel.*

In an action by the insured in a fire insurance policy in the Massachusetts
standard form to recover for a loss occurring almost three years before
the commencement of the action, it was held that the insurer was not
permanently estopped by its conduct or the conduct of its agents from
relying on a requirement of the policy that any action thereon be
"commenced within two years from the time the loss occurred" where
it appeared that such conduct consisted mostly of routine investigation
in the year following the loss and before the signing of a nonwaiver
agreement by an adjuster for the insurer and by the insured, following
which there was no activity prior to the insurer's denial of liability
slightly more than two years after the loss.  [150]
A nonwaiver agreement signed by the insured in a fire insurance policy
and by the insurer, providing that "any action taken by the . . .
[insurer] in investigating the cause of loss, or . . . ascertaining . . .
the amount of loss and damage which occurred . . . shall not waive
or invalidate any of the terms or conditions of . . . [the] policy . . .
or . . . any rights whatever" and that "the intent of this agreement
is to preserve the rights of all parties hereto," and to permit such in-
vestigation and ascertainment "without regard to the liability" of the
insurer, did not constitute a permanent waiver by it of any of its rights
under the policy.  [150]
Any estoppel of an insurer under a fire insurance policy to assert, as a
defence to an action thereon by the insured for a loss occurring almost
three years before the commencement of the action, a requirement
of the policy that any action be "commenced within two years from
the time the loss occurred" ceased following a denial of all liability
on the policy by the insurer two years and some days after the loss,
and in the circumstances an action commenced eleven months after
such denial was not commenced reasonably promptly thereafter and
the insured was not entitled to recover.  [151]

---

[1] The other two actions are against American Insurance Company and New
Hampshire Insurance Company, each of which (like Federal Mutual Insur-
ance Company) had issued one of the three policies mentioned in the text.

THREE ACTIONS OF CONTRACT.    Writs in the Superior
Court dated May 1, 1965.

The actions were heard by *Brogna,* J.

*Joseph J. Monaghan* for the defendants.

*James D. O'Hearn (Henry W. Cloutier* with him) for the
plaintiffs.

CUTTER, J.    The plaintiffs, as partners, conducted a store
which was struck by a motor vehicle on May 4, 1962.
Damage to the contents ensued.    The loss was reported
promptly to each of two insurance agencies which had writ-
ten one or more of three policies.    The policies required that
suit be "commenced within two years from the time the loss
occurred."[2]

At first, so one plaintiff testified, an agent denied that
the policies covered the loss.    In July or August, 1962, that
agent, David Caddell, brought an independent adjuster
named Johnson to the plaintiffs' store.    The plaintiffs
talked with him and Caddell.    After September, 1962, an-
other insurance company representative named Noon, also
"came out and gave the impression that he was there to try to
arrive at some . . . way . . . of settling the thing."    He
later spoke to the plaintiffs' accountant and went over the
plaintiffs' ledger.    Johnson was instructed by the three
defendant companies to "sign and take non-waiver agree-
ments."    On May 21, 1963, such agreements were executed.[3]

---

[2] Each was a Massachusetts standard form fire insurance policy on con-
tents and merchandise, with extended coverage and also vandalism and
malicious mischief coverage.    See G. L. c. 175, § 99 (as amended through St.
1951, c. 478, § 1).    Each policy, in its general provisions included the follow-
ing:  (lines 133-158)  "*Suit.* No . . . action . . . for the recovery of any
claim by virtue of this policy shall be sustained in any court . . . in this
commonwealth unless commenced within two years from the time the loss
occurred; provided, however, that if, within said two years . . . the amount
of the loss shall have been referred to arbitration . . . the limitation of time
for bringing such . . . action shall in no event be less than ninety days after
a valid award has been made . . . [or] has been expressly waived . . . .
If . . . action upon this policy is enjoined or abated, suit or action may be
commenced at any time within one year after the dissolution of such injunc-
tion, or the abatement of such suit or action, to the same extent as . . . if
there was no limitation of time provided herein for the bringing of such suit
or action."

[3] These read, "IT IS HEREBY UNDERSTOOD . . . that any action taken by
the . . . Insurance Company . . . in investigating the cause of loss, or . . .
ascertaining the amount of sound value, or the amount of loss and damage
which occurred on May 4, 1962, shall not waive or invalidate any of the terms

Each such agreement was signed (a) by Johnson (as adjuster) for one of the companies and (b) by both plaintiffs.

In September, 1962, the plaintiffs had placed the case with an attorney, who, "six or seven weeks after the loss," had told the plaintiffs that he was of "opinion that the loss was covered" by the policies. A two year period after the loss expired on May 4, 1964. On May 29, 1964, Johnson sent a letter to the plaintiffs' then attorney, which said that "[a]fter lengthy investigation . . . [the interested companies] have instructed us to deny liability in their behalf for this claim." An action (contract or tort) against each company was commenced by writ dated May 1, 1965.

The cases, consolidated for trial, were heard before a judge of the Superior Court, sitting without a jury. Each insurance company "filed a motion for a directed finding," all of which were denied. See *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 500–501; *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94–96; *Hooper* v. *Kennedy*, 320 Mass. 576; *Wire & Textile Mach. Inc.* v. *Robinson*, 332 Mass. 417, 418. Each company also filed requests for rulings, two of which (nos. 1 and 4) were denied.[4] The trial judge found for the plaintiffs in each case. The cases are before us on each insurance company's exceptions to the denial of

---

or conditions of any policy or policies, and shall not waive or invalidate any rights whatever of either of the parties to this agreement. IT IS FURTHER UNDERSTOOD . . . that neither the examination of the insured or of any other person, the examination of the books of account . . . or other vouchers of the insured . . . [or] the request [or furnishing] of any other information . . . or the incurring of any trouble or expense by the insured shall waive or invalidate any of the terms and conditions of the policy . . . or any defense thereunder. [A] THE INTENT of this agreement is to preserve the rights of all parties hereto, and to permit an investigation of the cause of loss, the . . . ascertainment of the amount of sound value, or the amount of loss and damage, or any of them without regard to the liability of the hereinafter named Insurance Company . . . ."

4 Request no. 1 in each case read, "The plaintiff may not recover under the policy . . . unless its . . . action . . . was commenced within two years from the time the loss occurred." Request no. 4 read, "The evidence does not warrant a finding that the defendant waived the provision that suit against the defendant must be brought within two years from the date the loss occurred." Against request no. 1, the judge noted, "Denied; I find it was waived or company is estopped." The trial judge granted a request (no. 2) for a ruling in effect that the plaintiffs were barred after two years from the date of loss unless suit had been brought earlier or unless there had been waiver by the defendant of the limitation or a duly filed claim.

"a directed finding" (which we treat as, in effect, denial of a request for a ruling that a finding for the plaintiff was not warranted by the evidence), and of the requested rulings. The insurance companies contend that the plaintiffs' actions are barred because they were not commenced until May 1, 1965, nearly three years after the loss (see *Goldsmith* v. *Reliance Ins. Co.* 353 Mass. 99, 101–102), and more than eleven months after the companies explicitly denied liability on May 29, 1964.[5]

1. An insurance company adjuster may take action so "contrary to general principles of fair dealing" (see *McLearn* v. *Hill*, 276 Mass. 519, 524) as to estop the company to assert protective provisions in a policy. *MacKeen* v. *Kasinskas*, 333 Mass. 695, 697–699. This principle was applied in *Swift* v. *American Universal Ins. Co.* 349 Mass. 637, 640, 641–642 (justifiable reliance upon adjuster's statement that "the claim had been established . . . and that payment would be made"). See Appleman, Insurance Law and Practice (1962) §§ 11,637–11,640, 12,415, 12,416; Couch, Cyc. Ins. Law (1st ed.) §§ 1656–1656b; note, 29 A. L. R. 2d 636. See also *Fratto* v. *New Amsterdam Fire Ins. Co.* 359 F. 2d 842, 844 (3d Cir.). Cf. *Blanton* v. *Northwestern Natl. Ins. Co.* 335 F. 2d 965, 970–971 (9th Cir.).

The plaintiffs contend that the companies have either waived the two year limitation or are estopped to contend that these actions were commenced too late, in part because of the last sentence of the nonwaiver agreements (fn. 3, at point [A]) and in part because of conduct of the adjusters, not directly involving the nonwaiver agreements. So far as the nonwaiver agreements are advanced as a basis for estoppel of the companies, the contention is essentially that the last sentence of each agreement was intended "to preserve," or in effect entirely to suspend, "the [parties'] rights . . . during the time" it might take each company to make

[5] Because of our decision in part 2 of this opinion on the effect of this eleven months delay, we do not consider (even if the question can be regarded as adequately raised by the record and argued) whether there was waiver by the companies (a) of arbitration (see *Alba* v. *Fireman's Fund Ins. Co.* 295 Mass. 80, 84), or (b) of filing sworn proofs of loss, not shown to have been requested by Johnson. See *Employers' Fire Ins. Co.* v. *Garney*, 348 Mass. 627, 629–631.

its investigation. The companies, on the other hand, appear to regard the nonwaiver agreements [6] as indication of their intention to preserve and to rely at all times upon, the policy provisions.

We perceive no conduct by the companies or their agents (including the execution and the provisions of the nonwaiver agreements) which gives basis for a contention that the companies had permanently estopped themselves to rely upon the provisions of the policies. Most conduct and investigation by the insurance companies seem to have been of a routine character and to have taken place in the twelve months immediately following the loss and before the nonwaiver agreements were given. Such discussions as took place did not involve company offers or promises of settlement. The nonwaiver agreements themselves cannot be construed, in any event, as a permanent waiver of any rights of the companies under the policies. Following the signing of the nonwaiver agreements on May 21, 1963, after the plaintiffs had "placed the case with" their attorney, the record shows no settlement negotiations or other action prior to May 29, 1964. Because, however, of (a) what happened on May 21, 1963, and thereafter, and (b) our decision in the second part of this opinion, we now need not decide whether the nonwaiver agreements were ambiguous or should have been more explicit on the issues raised by the plaintiffs, or created any temporary estoppel to rely on the policy limitations on the time for commencing suit, or effected any suspension or modification of the parties' rights under the policies. See *Proc* v. *Home Ins. Co.* 17 N. Y. 2d 239, 245–246; *Preston* v. *Northern Ins. Co.* 35 Misc. 2d (N. Y.) 784, 785–787 (Supr. Ct. Spec. Term). Cf. *Meekins* v. *Aetna Ins. Co.* 231 N. C. 452, 457; *McMeekin* v. *Prudential Ins. Co.* 348 Pa. 568, 572–573.

[6] See, as to the purpose and effect of somewhat analogous nonwaiver agreements and insurance company reservations of rights of various types, *Liddell* v. *Standard Acc. Ins. Co.* 283 Mass. 340, 343–344; *Magoun* v. *Liberty Mut. Ins. Co.* 346 Mass. 677, 682–684; Appleman, Insurance Law and Practice (1962) § 4694; note, 68 Harv. L. Rev. 1436, 1446–1447. See also *London Clothes, Ltd.* v. *Maryland Cas. Co.* 318 Mass. 692, 698–699; *Glenn* v. *State Farm Mut. Auto. Ins. Co.* 341 F. 2d 5, 8 (10th Cir.).

2. In our opinion, the plaintiffs, in any event, cannot recover because they did not commence their actions reasonably promptly after May 29, 1964. On that day, even if it be assumed that they were not already barred by the two year limitation, it became plain that the companies denied all liability and that it would be necessary to sue the companies if the plaintiffs were to obtain any settlements of the loss. Had any estoppel existed, we think it would not have continued for as long as the eleven months between May 29, 1964, and May 1, 1965.

Accordingly, the plaintiffs thereafter had only such reasonable time as was necessary to give them fair opportunity to commence litigation. We regard this as the sound view in an area where the authority is not uniform. *Insurance Co. of No. America* v. *Board of Educ.* 196 F. 2d 901, 904 (10th Cir.). *Collins* v. *Home Ins. Co.* 110 Pa. Super. Ct. 72, 82–83. See *Continental Ins. Co.* v. *Fire Assn. of Philadelphia*, 152 F. 2d 239, 240–241 (6th Cir.); note, 29 A. L. R. 2d 636, 646–648. A reasonable time, perhaps, might be measured by analogy to the ninety days allowed by the policy (fn. 2) for commencing after an arbitration award or a waiver of arbitration. Estoppels are not to be regarded with favor nor are they to be extended beyond the requirements of the situation which gave rise to them. See *Delaware & Hudson Co.* v. *Boston R.R. Holding Co.* 328 Mass. 63, 80.

The evidence did not permit the trial judge to find any estoppel of the companies to rely upon the two year limitation provision for any period extending as late as the commencement of these actions. Upon all the evidence, a finding for each defendant was required and findings for the plaintiffs would not have been warranted.

*Exceptions sustained.*
*Judgments for the defendants.*