J. & T. ENTERPRISES, INC. *vs.* LIBERTY MUTUAL
INSURANCE COMPANY.

Essex.  September 16, 1981. — November 13, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Mortgage,* Real estate:  insurance of mortgagee's interest.  *Insurance,*
Fire.  *Limitations, Statute of.*

The two-year limitation prescribed by G. L. c. 175, § 99, Twelfth, on
the commencement of an action on a policy of fire insurance barred an
action, commenced more than two years after a fire, by the insured
mortgagee of property damages in the fire.  [587-590]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 10, 1979.

The case was heard by *Bennett,* J., on a motion for sum-
mary judgment and a question of law was reported by him
to the Appeals Court.  The Supreme Judicial Court ordered
direct review on its own initiative.

*Gerald W. Motejunas* for the defendant.

*Gregory C. Demakis* for the plaintiff.

WILKINS, J.  We are concerned with whether the plain-
tiff, a mortgagee of property damaged by fire, may maintain
an action on an insurance policy more than two years after
the fire.  A statutory limitation on the commencement of
any action on such a policy is prescribed by G. L. c. 175,
§ 99, Twelfth, as in effect at all material times.  The statute
states in relevant part that "[n]o *suit or action* against this
company for the recovery of any claim by virtue of this poli-
cy *shall be sustained in any court* of law or equity in this
commonwealth *unless commenced within two years from
the time the loss occurred*" (emphasis supplied).  We con-
clude that this limitation applies to an action brought by the

plaintiff as mortgagee of the insured property and that no exception takes the plaintiff out of the statutory limitation.

The case comes before us on our transfer to this court of a report by a judge of the Superior Court of a question presented by an agreement of material facts. That question, which is set forth in the margin,[1] raises the issue of the timeliness of the commencement of this action in the circumstances.

In May, 1976, the defendant Liberty Mutual Insurance Company (Liberty Mutual) issued a fire insurance policy in the Massachusetts statutory form covering the contents of a restaurant, Peter's Clam Plaza, Inc. The policy named the plaintiff as a loss payee under the mortgage clause. On July 6, 1977, while the policy was still in force, a fire occurred at the restaurant, and some or all of the insured property was damaged. The agreed facts do not disclose when the plaintiff learned of the loss. On August 10, 1979, more than two years after the loss, the plaintiff commenced this action seeking payment under the insurance policy of the outstanding balances on two loans made to the restaurant corporation and secured by the property insured by Liberty Mutual.

The parties correctly assume that there were two contracts of insurance, one between Liberty Mutual and the mortgagor, the other between Liberty Mutual and the plaintiff. See *Palmer Sav. Bank* v. *Insurance Co. of N. America,* 166 Mass. 189, 195 (1896). Those contracts may differ in certain respects. See *Trustees of Thayer Academy* v. *Corporation of the Royal Exch. Assurance of London,* 281 Mass. 150, 154 (1932).

The virtually unanimous rule in this country is that an insured mortgagee, as well as the insured mortgagor, is bound

[1]"Whether a mortgagee, either of real estate or of personalty, who is named in the mortgage clause of a policy of fire insurance in the statutory form, is required to commence its suit against the insurer within two years from the time the loss occurred as provided in Mass. Gen. Laws c. 175 § 99, in circumstances where no party has instituted any reference proceedings."

by a standard provision limiting the time within which an action may be brought to collect on an insurance policy. See *Sterling Sav. & Loan Ass'n* v. *Reserve Ins. Co.*, 63 Ill. App. 2d 220 (1965); *Howe* v. *Mill Owners Mut. Fire Ins. Co.*, 241 App. Div. 336, 338 (N.Y. 1934); *Satchell* v. *Insurance Placement Facility*, 241 Pa. Super. Ct. 287, 297 (1976); *Miners Sav. Bank* v. *Merchants Fire Ins. Co.*, 131 Pa. Super. Ct. 21, 27 (1938); *Greater Providence Trust Co.* v. *Nationwide Mut. Fire Ins. Co.*, 116 R.I. 268, 271-272 (1976); *Blanton* v. *Northwest Nat'l Ins. Co.*, 335 F.2d 965, 969 (9th Cir. 1964) (Ohio law). See also 20A J.A. Appleman, Insurance Law and Practice § 11616, at 481-482 (1980); 18 R.A. Anderson, Couch's Cyclopedia of Insurance Law § 75.43, at 733 (2d ed. 1968).[2] There is much in favor of all courts treating standard language uniformly.

Section 99 of G. L. c. 175 is not limited by its terms to actions brought by insured mortgagors. It states broadly that no action for recovery of any claim by virtue of the policy shall be sustained unless brought within two years from the time the loss occurred. Following the mandate of this language, and the substantially unanimous weight of authority elsewhere in similar circumstances, we hold that the limitations of § 99 apply to the plaintiff as an insured mortgagee.[3]

We turn then to the plaintiff's reliance on other statutory provisions which it claims relieve it of the two-year limitation of § 99. The plaintiff points to language in § 99 that provides an exception where, within the two-year period,

---

[2] The only contrary authority cited by the plaintiff close to being on point is *Miller* v. *Stuyvesant Ins. Co.*, 223 App. Div. 6 (N.Y. 1928), where in dicta the court declined to hold a mortgagee to the time limitation expressed in the policy. The *Miller* case was ignored in *Howe* v. *Mill Owners Mut. Fire Ins. Co.*, 241 App. Div. 336 (N.Y. 1934), decided in New York six years later.

[3] There is nothing in G. L. c. 175, § 97, as amended through St. 1945, c. 399, § 1, which aids the plaintiff. A fire insurance company is obliged by § 97 to pay a mortgagee "in accordance with [the] terms" of the policy, which, of course, includes an expression of the statutory limitation on the time for commencing suit.

the amount of the loss was referred to arbitration.[4] It is stated in the reported question that no party instituted reference proceedings. Despite this fact, the plaintiff relies on policy language that provides that its insurance protection "shall not be invalidated by any act or neglect of the mortgagor," arguing that the failure of the mortgagor to request arbitration is an "act or neglect" that may not invalidate the plaintiff's insurance.[5]

The weakness in the plaintiff's claim is its failure to acknowledge that, as a mortgagee, it had a right to demand arbitration of the amount of the loss. See *Union Inst. for Sav.* v. *Phoenix Ins. Co.*, 196 Mass. 230, 235 (1907). The plaintiff's insurance was not "invalidated by any act or neglect" of the mortgagor. The failure of the mortgagor to seek a reference to arbitration did not invalidate the plaintiff's coverage. Instead, the plaintiff's insurance claim was rendered unenforceable in this action by its own failure seasonably to protect its rights by commencing an action within the statutory time limitation. Even if we should equate "invalidation" of insurance coverage with the unenforceability of an insurance claim, a point we assume but do not

---

[4] The portion of § 99 on which the plaintiff relies reads as follows: "provided, however, that if, within said two years, in accordance with the provisions of the preceding paragraph, the amount of the loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing such suit or action shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties."

[5] For the purposes of answering the reported question, we shall assume in the plaintiff's favor that the policy provisions on which it relies are applicable to its claim. Those policy provisions extend coverage, however, only to real estate or to "building items." See *Landford* v. *Universal Ins. Co.*, 282 Mass. 323, 326-327 (1933). The facts as agreed to by the parties do not state, as they should in a reported question of law, whether any of the insured contents of the restaurant were "building items" or were real, as opposed to personal, property. The reported question assumes that Liberty Mutual's insurance policy may have covered "real estate" as well as "personalty." Because it does not change the result in this case, we shall assume that "building items" or real property, or both, were secured by the mortgage and covered by the policy.

decide (cf. *Union Inst. for Sav.* v. *Phoenix Ins. Co., supra* at 234), the mortgagor's neglect cannot insulate the plaintiff from its own omission with respect to the commencement of this action.

We answer the reported question in the affirmative. The plaintiff mortgagee, on the record before us, could not properly commence suit against the insurer more than two years after the loss occurred.