Welsh, P. J.
This is a civil action by an insured for benefits alleged to be due under a Massachusetts Standard Fire Insurance Policy as a result of water and related damages to the plaintiff’s premises.
The defendant in its answer denied coverage and duly pleaded the Statute of Limitations as an affirmative defense. General Laws chapter 175, §99.
The court allowed the defendant’s motion for summary judgment, based upon the determination that the action was barred by the Statute of Limitations and the plaintiff claimed a report.
We are of the opinion that the motion judge correctly ordered the action dismissed on the grounds that it was barred by the Statute of Limitations.
The defendant issued afire insurance policy insuring the plaintiff s premises at 179 Milton Street, Dedham, Massachusetts. On February 26, 1978, while the policy was in effect, a water pipe burst on the covered premises causing substantial damage. The policy was in accordance with the form for such policies prescribed by General Laws Chapter 175, §99. Initially, the plaintiff reported the loss orally to the agent who had issued the policy the day after the loss. He confirmed the initial oral report with a written notice on March 1,1978. In late March of 1978, the defendant’s adjuster came to the premises for the purposes of investigating the loss. He told the plaintiff to secure two estimates to repair the *125 damage. The plaintiff informed the adjuster that he needed to proceed with repairs expeditiously since he had a tenant due to begin occupancy on July 1, 1978. Sometime in April, the adjuster told the plaintiff to proceed with the repairs. The plaintiff engaged a contractor to proceed with the work. Two weeks later, the adjuster told the plaintiff to cease work. The plaintiff explained that he was now under an obligation both to the tenant and to the contractor, and he proceeded with the repairs notwithstanding the admonition to cease work. Approximately five months later, the plaintiff met with a second adjuster representing the defendant at the covered premises. Thereafter, the plaintiff initiated several telephone calls to the defendant and to the insurance agent. He was informed that the claim was still under investigation. On December 18,1978, the defendant informed the plaintiff by letter of its denial of coverage.[2]
The plaintiff s original attorney accepted an appointment in the trial court and was unable to continue to represent him. Plaintiff’s present counsel was engaged on or about May 3, 1980.
1. The present action was commenced on September 2,1980 when the action was filed in the Dedham Division (Rule 3, Mass. R. Civ. P.[3]) approximately two years and six months after the occurrence of the loss. The pertinent Statute of Limitations is found in General Laws chapter 175, §99 which in effect limits the right to commence such actions to 2 years from the date of occurrence of the loss. The policy in issue contained a similar limitation. The limitation period must be given effect. Goldsmith v. Reliance Ins. Co., 353 Mass. 99, 102 (1967). Since the defendant has duly pleaded the Statute of Limitations in its answer, the plaintiff has the burden of proving that his action was properly brought within the period permitted for its commencement. Saba v. Khouri, 27 Mass. App. Dec. 139, 141 (1964). The plaintiff has utterly failed to meet this burden.
2. The materials submitted on the motion for summary judgment fail to disclose a basis for concluding that there was either a waiver or estoppel precluding the defendant from relying upon the Statute of Limitations. Assuming, arguendo, that the conduct of the adjuster in telling the defendant to go ahead with repairs could be construed as an estoppel (a dubious assumption at best), the plaintiff knew or should have known that the company intended to deny the coverage from on or before December 18,1978. An unexplained delay of approximately 21 months from that date before commencing the action is unreasonable as a matter of law.
In Gallant v. Federal Mutual Ins. Co., 354 Mass. 146 (1968), a delay of 11 months after a denial of coverage was pronounced unreasonable. Id., at 151. In any case, we perceive' no conduct by the defendant or its agents which might justify the conclusion of waiver or estoppel.
The report is dismissed.

So ordered.

The reasons for the disclaimer of coverage were essentially that the premises were unoccupied at the time of the loss and that the water system had not been shut off and drained and that notice of loss requirements established in the policy had not been met.

The rule provides that the action is deemed to have been commenced either upon filing in the clerk’s office or by mailing by certified or registered mail.