COWIN, J.
INTRODUCTION
The plaintiffs, David E. Batsford (“Batsford”) and Crescent Farms, Inc. (“Crescent Farms”), brought this action against the defendants, Farm Family Mutual Insurance Company (“Farm Family”) and Peter Plas-tridge (“Plastridge”), insurance agent for Farm Family, as a result of a Farm Family fire insurance policy (“policy”). The plaintiffs seek damages following a fire on certain property. The matter is before this Court on defendants’ motion for summary judgment.
As grounds for their motion, defendants argue that: (1) this lawsuit was filed after the applicable statute of limitations period had expired; and (2) plaintiffs violated the policy by transferring title to the insured property without the consent of Farm Family. For the reasons stated below, defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The following undisputed facts are derived from the papers submitted by the parties. On May 18, 1991, a fire caused damage to a farm stand and greenhouse located at 180 Crescent Street (“the Crescent Street property”) in Stow, Massachusetts. Batsford filed a claim with Farm Family for the proceeds of a fire insurance policy Farm Family had issued to Crescent Farms for the Crescent Street property.[3]
When the policy was issued, the Crescent Street property was wholly owned by Crescent Farms. Batsford, president of Crescent Farms, was listed as an additional insured on the policy. From the time of issuance of the policy until the date of the fire, May 18, 1991, Crescent Farms was the named insured under the policy. Batsford claims that prior to the loss, he informed Plastridge (Farm Family’s agent), that he intended to transfer the property to a property development company. Batsford claims that he asked Plas-tridge whether the transfers would void the policy and Plastridge told him that he ought not to be concerned about the transfers.
Batsford made a formal claim for the proceeds under the policy by filing a “Sworn Statement in Proof of Loss.” In the sworn statement, Batsford wrote that “Crescent Farms, Inc.” was the insured party at time of loss. Batsford also wrote that there were “no exceptions” to the provision that since the policy was issued there had been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described.
After receiving the Crescent Farm claim, Farm Family’s investigation of the incident revealed that *171 Crescent Farms was not the owner of the insured premises. Following issuance of the policy, the Crescent Street property had been deeded to an unrelated legal entity called Stow Crescent Really Development Corporation (SCRD) on July 8, 1988. In February 1991, the Boston Trade Bank (BTB), which had a mortgage from SCRD for the Crescent Street property, foreclosed on SCRD. On April 25, 1991, BTB purchased the Crescent Street property itself at the foreclosure sale. On April 26, 1991, BTB deeded the Crescent Street property to Batsford, individually.[4]
As a result of the above history of transfers, on May 18, 1991, the date of the fire, Batsford was the sole owner of the Crescent Street property, despite the fact that Crescent Farms was still the named owner on the policy. By letter dated January 16, 1992, Farm Family denied Batsford’s claim for proceeds under the policy. The letter stated that: “the insurance policy on Crescent Farms has been voided due to prior unconsented-to, unknown and unauthorized transfers.”
Defendants’ motion for summary judgment is based upon several policy provisions. The policy in its Massachusetts Amendatory Endorsements (“Endorsements”) section provides for a limitation of time in which suit can be brought:
No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred . . .
The policy also provides under the Division on General Policy Conditions in the section entitled “Transfer” that: “This policy can not be transferred to any person or organization without OUR written consent (emphasis in original).” Further, in the Endorsements the policy states that: “Assignment of this policy shall not be valid except with the written consent of this Company.”
On June 27, 1994, two years and five months after Farm Family’s letter denying coverage, plaintiffs brought this action against the defendants for negligence, gross negligence, breach of contract, fraud and deceit, detrimental reliance, misrepresentation, and damages pursuant to G.L.c. 93A, §11.[5]
DISCUSSION
Summary judgment shall be granted if there are no material facts in dispute and if the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). It is well settled that the interpretation of an insurance contract is a question of law for the court. Kelleher v. American Mutual Insurance Company of Boston, 32 Mass.App.Ct. 501, 503 (1992). “Like all contracts, insurance contracts are to be construed according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed.” Cody v. Connecticut General Life Insurance Co., 387 Mass. 142, 146 (1982) (citations omitted). “A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms.” Id. (citations omitted).
Fire insurance policies in Massachusetts are governed by G.L.c. 175, §99. Said section provides in pertinent part:
No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred . . .
The policy time-limitation provision is identical to the above statutory provision.
The fire which caused plaintiffs’ loss occurred on May 18, 1991. Plaintiffs were required to file their suit against Farm Family by May 18, 1993. See Goldsmith v. Reliance Ins. Co., 353 Mass. 99, 102 (1967). However, they did not file this suit until June 27, 1994. Therefore, the defendants’ claim that this action is time-barred and that they are entitled to summary judgment as a matter of law.
Plaintiffs maintain that the two-year statute of limitations does not apply to them because their suit for recovery of the policy proceeds is based upon negligent misrepresentations by Farm Family’s agent that coverage would be provided regardless of the transfers. Therefore, they argue, their claims are not made “under the policy but for errors and omissions . . . [by] defendants ...” These alleged misrepresentations are that prior to the loss, Batsford informed Plastridge of the intended and expected transfer of the property to another company and that Plastridge allegedly stated that Batsford ought not to be concerned that such a transfer would void the policy. The plaintiffs’ claim is not really one for negligence but rather a claim that the insurance company (and agent) are estopped from asserting this change of title as a defense to what would otherwise be the insurance company’s contractual responsibility.
The plaintiffs have provided no evidence in affidavit form or otherwise to support their claim of misrepresentation (or estoppel). This total lack of evidence is reason alone for rejecting plaintiffs’ argument.
Assuming, arguendo that the plaintiffs had presented evidence supporting their claims of misrepresentation (or estoppel), plaintiffs’ argument that these claims free them from the statute of limitations provision governing Massachusetts fire insurance policies would still be of no avail. “Section 99 of G.L.c. 175 ... states broadly that no action for recovery of any claim *172 by virtue of the policy shall be sustained unless brought within two years from the time the loss occurred.” J.&T. Enterprises, Inc. v. Liberty Mutual Ins. Co., 384 Mass. 586, 588 (1981) (emphasis added).The plaintiffs’ claim, in whatever language couched, is clearly a claim “by virtue of the policy.” Had there been no policy, there would be no claim and no lawsuit. The claim arises because of the policy. Despite plaintiffs’ argument, this is not a suit for damages incurred due to negligence, but a contract action on the policy.[6]
In Gallant v. Federal Mutual Ins. Co., 354 Mass. 146 (1968), the Supreme Judicial Court considered a situation very similar to the present one. In Gallant, plaintiffs argued that the insurance company was estopped from denying coverage under the statute of limitations provision (identical to the one here at issue) because, inter alia, conduct by one of the insurance adjusters a few months after the loss led plaintiffs to believe that the dispute might be settled. Id. at 147. The Supreme Judicial Court stated that there was no conduct of the insurance companies or their agents which justified permanently estopping the companies from relying on the policies’ provisions. Further, even if any estoppel had existed, the Court ruled that the plaintiffs’ suit was barred because they did not commence suit reasonably promptly after they were notified of the denial of coverage. The Court held that even if any estoppel had existed, plaintiffs only had such reasonable time after the denial of liability as was necessary to give them fair opportunity to commence litigation. Eleven months (after liability was denied) was held to be too long.
Similarly in the instant case, even if any estoppel had existed, it would not have continued for two years and five months after coverage was denied. Such time was much longer than reasonably necessary for fair opportunity to commence litigation. “Estoppels are not to be regarded with favor nor are they to be extended beyond the requirements of the situation which gave use to them.” Id. at 151.
Apart from the time bar to the plaintiffs’ suit, the insureds violated policy provisions regarding transfers of title to the insured property. The rule regarding assignability of fire insurance policies is summarized in Massachusetts Jurisprudence as follows:
Because a fire insurance policy is regarded as a personal contract depending upon the confidence reposed by the insurer in the owner of the property, the rule as to fire policies is that they are not assignable before loss without the consent of the insurer. Thus, the statutory form of fire policy provides that assignment of the policy will not be valid except with the written consent of the insurer.
19 Mass. Jur., Insurance §9:2 (1995). The two provisions in the policy prohibiting assignments without the express written consent of Farm Family are in conformity with G.L.c. 175, §99, which provides that “[assignment of this policy shall not be valid except with the written consent of this company.” Defendants denied coverage claiming that the policy was voided when Crescent Farms deeded the Crescent Street property to SCRD, an unrelated entity. Further transfers occurred when BTB foreclosed upon the property owned by SCRD. Finally, BTB apparently deeded the property back to Batsford individually.
In Stuart v. Reliance Ins. Co., 179 Mass. 434 (1901),[7] the Supreme Judicial Court addressed the issue of whether a Massachusetts standard form fire insurance policy became void when property was temporarily alienated due to foreclosure in violation of a provision limiting transfer of the insured property without the written consent of the insurer company. The Court ruled that “(t]he fact that the alienation was a temporary one would not . . . render it any the less operative or effectual to avoid the policy.” Id. at 438 (citation omitted).
Because defendants’ denial of coverage based on Crescent Farms’ transfer of ownership in violation of policy provisions is soundly based on Massachusetts statutory provisions and case law, this Court need not reach the plaintiffs’ G.L.c. 93A claim. See Lumbermen’s Mutual Casualty Co. v. Offices Unlimited, Inc., 419 Mass. 462, 468 (1995) [an insurance company which denies a claim of coverage on the basis of a plausible interpretation of its insurance policy cannot be said to have committed a violation of G.L.c. 93A). Therefore, this Court concludes that defendants’ motion for summary judgment should be granted.[8]
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment of defendants Farm Family Mutual Insurance Company and Peter Plastridge is ALLOWED.

The date on which Batsford filed his claim is not provided in any of the papers submitted.

The deed was not recorded before the date of loss.

At oral argument, plaintiffs agreed to dismiss the breach of contract claim.

It is also noted that granting relief from the statute of limitations simply because the cause of action is styled as one for negligence would render worthless many otherwise valid contractual defenses in insurance policies.

Stuart v. Reliance Ins. Co., is cited in Schonberg v. Automobile Ins. Co. of Hartford, 285 Mass. 316, 318 (1934), another case which stands for the proposition that: “[A] foreclosure sale followed by a deed from the mortgagee to himself as purchaser makes a policy void under the . . . provision [limiting transfer of the property without the written consent of the insurer], unless proper assent of the insurance company is obtained.”

Defendants claim as a further ground for summary judgment that plaintiff was convicted of marijuana offenses involving the growth of marijuana on the property. This argument is not supported by admissible evidence that the marijuana was in fact grown on the property. Further, this was not the basis on which defendants denied coverage.