**Warren C. NUNHEIMER, Individually and as President of Cape Carrier Corporation, Plaintiff,**

v.

**CONTINENTAL INSURANCE COMPANY, Utica Mutual Insurance Company, Graphic Arts Mutual Insurance Company, and Chicago Insurance Company, Defendants.**

No. Civ.A. 98–10956–WGY.

United States District Court, D. Massachusetts.

Nov. 1, 1999.

David C. Nunheimer, Bologna, Harris & Nunheimer, Boston, MA, for Warren C. Nunheimer, Individually, and as President of Cape Carrier Corporation, plaintiff.

John P. Graceffa, Morrison, Mahoney & Miller, Boston, MA, Steven E. Sylvester, Morrison, Mahoney & Miller, Boston, MA, Martin P. Lavelle, Miller, Christerson, McNaboe & Cortner, New York City, NY, for Continental Insurance Co., defendant.

John R. Casciano, Melick & Porter, LLP, Boston, MA, for Utica Mutual Insurance Company, Graphic Arts Mutual Insurance Company, defendants.

Michael Buckley, Rivkin, Radler & Kremer, Uniondale, NY, Mark W. Roberts, McRoberts & Roberts, LLP, Boston, MA, Anthony Gambardella, Rivkin, Radler & Kremer, Uniondale, NY, for Chicago Insurance Company, defendant.

### MEMORANDUM

YOUNG, Chief Judge.

The plaintiff, Warren C. Nunheimer ("Nunheimer"), individually and as President of Cape–Carrier Corporation ("Cape–Carrier"), brought this action against defendants Continental Insurance Company ("Continental"), Utica Mutual Insurance Company, Graphic Arts Mutual Insurance Company, and Chicago Insurance Company, alleging that the defendants have denied Nunheimer insurance benefits properly due to him under policies issued by the defendants. Nunheimer further alleges that the defendants' refusals to pay him benefits constitutes a violation of Mass. Gen.Laws ch. 93A and 176D. Continental filed a Motion for Summary Judgment, arguing that Nunheimer failed timely to file this action within the applicable statute of limitations as set forth in Mass.Gen. Laws ch. 175, § 99, and written into Nunheimer's policy in accordance with the statute. Nunheimer opposes Continental's Motion for Summary Judgment by arguing

that he filed his suit before the statute lapsed.[1]

## I. RELEVANT FACTS

Upon the record presently before this Court, the following facts necessary to reach a decision are undisputed. Cape Carrier owned a piece of property and the buildings thereon at 10 Commonwealth Avenue, South Yarmouth, Massachusetts ("the Property"). *See* Second Am.Compl. ¶ 6. In August, 1988, Continental issued to Cape Carrier an insurance policy for the property. *See id.* ¶ 9. Sometime that year, and before August 27, a release of contaminants from underground storage tanks occurred on the property. *Id.* at ¶¶ 7–8; *see* Nunheimer Aff.Ex. 2, ¶ 3. Continental has refused to pay Nunheimer insurance benefits arising from the contaminants' release. *See* Second Am.Compl. ¶ 15; *see also* Lavelle Aff.Ex. C, ¶ 15. Therefore, Nunheimer filed suit to recover benefits allegedly due him under the policy.

## II. STANDARD OF REVIEW

■ Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary Judgment is appropriate with respect to a statute of limitations defense where there is no dispute as to essential evidentiary facts controlling the application of the statute of limitations. *Dep't of Revenue of Mass. v. Mailhouse, Inc.,* No. CIV.A. 96–5390F, 1997 WL 573212, at *2 (Mass.Super. Aug.5, 1997) (Fremont–Smith, J.) (citing *Catrone v. Thoroughbred Racing Ass'ns of

*N. Am.,* 929 F.2d 881, 886 [1st Cir.1991] ). Once a statute of limitations defense is properly raised for summary judgment purposes, the plaintiff then has the burden of proving that its claim was filed within the applicable state of limitations. *Mailhouse,* 1997 WL 573212, at *2 (citing *Riley v. Presnell,* 409 Mass. 239, 243–44, 565 N.E.2d 780 [1991] ).

## III. ANALYSIS

■ In its Motion for Summary Judgment, Continental argues that Nunheimer failed to file its action before the applicable statute of limitations lapsed. Pursuant to Mass.Gen.Laws ch. 175 § 99, fire insurance companies must adhere to a standard form when writing such policies. The relevant provision reads as follows:

> No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred....

Mass.Gen.Laws ch. 175, § 99. Nunheimer's policy contained the required provision concerning the two year statute of limitations. *See* Lavelle Aff.Ex. A. Therefore, the key issues before this Court are (1) when the "loss occurred" and (2) when Nunheimer filed the suit.

In determining when the "loss" occurred, the Court must first determine what the loss was in the case at bar. In its Motion for Summary Judgment, Continental argues that the loss was the release of contaminants. In its Opposition to the Motion for Summary Judgment, however, Nunheimer argues that the "loss" was

---

1. Continental filed a Reply to Nunheimer's Opposition in which it informed the Court that Nunheimer did not respond to requests for admissions within the thirty day period required by Fed.R.Civ.P. 36 and thus is deemed to have admitted sufficient facts to defeat his action on the merits. Nunheimer answered requests for admissions as part of

his Opposition. This Court does not address Nunheimer's failure to respond to the requests, however, as the statute of limitations issue is dispositive of this action. As will be seen below, Continental's Motion for Summary Judgment is granted, irrespective of Nunheimer's untimely responses.

Continental's denial of insurance benefits.[2] While it is true, as Nunheimer argues, that section 99 does not define what constitutes a "loss" for purposes of the commencement of the statute of limitations, courts have consistently interpreted the word "loss" in this section to mean the fire or incident causing the damage to the property. In *Ames Privilege Assocs. Ltd. Partnership v. Allendale Mut. Ins. Co.*, 742 F.Supp. 700, 703 (D.Mass.1990) (Freedman, C.J.), the court granted the defendant's motion for summary judgment on the ground that the suit was not filed until more than two years after the time the loss occurred. The court held that under the circumstances most favorable to the plaintiff, the "time the loss occurred" was the date that the policy expired, since that was the last day on which the structural damage to the insured buildings could have occurred. *Id.* Similarly, in *Batsford v. Farm Family Mut. Ins. Co.*, No. CIV.A. 94-3743, 1996 WL 189044, at *3 (Mass.Super. Mar.26, 1996) (Cowin, J.), the court granted summary judgment on the ground that the fire which caused the plaintiffs' loss occurred more than two years before the plaintiff filed suit. The court wrote unequivocally: "The fire which caused [ ] plaintiffs' loss occurred on May 18, 1991. Plaintiffs were required to file their suit against Farm Family by May 18, 1993."

*Id.; see also J. & T. Enters., Inc. v. Liberty Mut. Ins. Co.*, 384 Mass. 586, 587–90, 428 N.E.2d 131 (1981) (barring suit brought more than two years after the date the insured property was damaged by fire); *Goldsmith v. Reliance Ins. Co.*, 353 Mass. 99, 101–02, 228 N.E.2d 704 (1967) (same); *Gallant v. Federal Mut. Ins. Co.*, 354 Mass. 146, 147, 235 N.E.2d 810 (1968) (referring to the damage to contents of a store struck by a motor vehicle as the "loss"); *Cramer v. Charter Oak Fire Ins. Co.*, No. CA C96–00158, 1997 WL 416587, at *1 (Mass.Super. July 3, 1997) (Hely, J.) (rejecting plaintiff's argument that his loss was not caused by the storm damage to his property, but rather by the insurer's failure to pay him insurance benefits). Thus, the "loss" which starts the running of the statute of limitations is the incident which gives rise to the claim for insurance benefits, not the denial of benefits by the insurance company.[3] In the case at bar, the "loss" is the release of contaminants.[4]

■ There is no material dispute but that the release of contaminants occurred[5] before August 27, 1988. *See* Nunheimer Aff.Ex. 2, ¶ 3. Viewing this fact in the light most favorable to Nunheimer, and thus assuming that loss occurred on August 26, 1988, Nunheimer had until August 26, 1990 to file his lawsuit. Nunheimer, however,

---

2. Nunheimer argues that the statute of limitations did not expire before he filed his suit because the suit was filed on October 31, 1997, which was less than two years after the denial of insurance benefits by Continental on November 3, 1995.

3. While the Court takes note of Nunheimer's point that there may be no need to file a lawsuit until the claim is denied, and such a denial might occur after the two year statute of limitations expired, this Court can not simply ignore precedent that has determined what constitutes a "loss." Furthermore, any unnecessary delay by an insurance company in processing a claim, which could cause a denial after the two year statute of limitations ran, would be considered in an argument for estoppel. *See, e.g., Gallant*, 354 Mass. at 149–50, 235 N.E.2d 810. There is, however, no estoppel argument in the case at bar. Here,

Nunheimer did not even submit a claim to Continental until October 3, 1994, more than six years after discovering the release of contaminants. *See* Nunheimer Aff.Ex. 1.

4. It should be noted also that in his claim to Continental, submitted on October 3, 1994, Nunheimer referred to the release of contaminants as the "loss" giving rise to the claim. *See* Nunheimer Aff.Ex. 1.

5. The discovery rule does not apply to the statute of limitations in section 99. *Cramer*, 1997 WL 416587, at *2. Nevertheless, even if the Court were to date the running of the statute of limitations from the discovery of the loss rather than the occurrence of the loss, the result in this case would be no different, as Nunheimer admits that the discovery of the release of contaminants occurred prior to August 27, 1988. *See* Nunheimer Aff.Ex. 2, ¶ 4.

did not file his complaint until October 31, 1997. *See* Nunheimer Aff.Ex. 5. Because Nunheimer did not file his claim until after the two year statute of limitations had run, this Court GRANTS Continental's Motion for Summary Judgment with respect to Count I of the complaint, Nunheimer's contract claim for recovery of insurance benefits due.

■ The case becomes more complicated, however, because in Count II of the complaint Nunheimer alleges violations of Mass.Gen.Laws ch. 93A[6] and 176D. Although Nunheimer does not argue that even though his claim for recovery of benefits under section 99 is time-barred, he nevertheless can still maintain independent claims under chapters 93A and 176D,[7] in the interest of completeness the Court considers the possibility. Claims brought under either chapter 93A or 176D are subject to a four year statute of limitations:

> Actions arising on account of violations of any law intended for the protection of consumers, including ... chapter ninety-three A ... [and] chapter one hundred and seventy-six D ... shall be commenced only within four years next after the cause of action accrues.

Mass.Gen.Laws ch. 260, § 5A. Here, the cause of action "accrued" on the date on which Continental refused to pay insurance benefits to Nunheimer.[8] Continental denied coverage to Nunheimer on November 3, 1995. *See* Nunheimer Aff.Ex. 4. The present action was initiated on October 31, 1997. *See* Nunheimer Aff.Ex. 5. Therefore, the four year statute of limitations under Chapters 93A and 176D had not elapsed at the time this suit was filed.

Nonetheless, the Court grants Continental's Motion for Summary Judgment as to Nunheimer's claims under Chapters 93A and 176D because section 99 of chapter 175 is clear that all suits based on fire insurance policies are governed by the two year statute of limitations. The relevant provision states that "*any claim* by virtue of this policy" is subject to the two year statute of limitations. Mass.Gen.Laws ch. 175, § 99 (emphasis added). As discussed above, Nunheimer's general claim for recovery of benefits is unquestionably barred by the two year statute of limitations. Thus, allowing Nunheimer to bring claims under Chapters 93A and 176D based solely on a denial of benefits under a fire insurance policy would enable him to circumvent section 99, the law specifically establishing the two year statute of limitations for suits based on fire insurance policies. The *Batsford* court discussed this issue, rejecting the plaintiffs' argument that the two year statute of limitations governing fire insurance policies did not apply because their suit for recovery of policy proceeds was based upon negligent misrepresentations. *See Batsford*, 1996 WL 189044, at *3 (the plaintiffs argued that their claims were not made "under the policy, but for errors and omissions ... [by] defendants ...."). In rejecting the argument, Justice Cowin wrote: "The plaintiffs' claim, in whatever language couched, is clearly a claim 'by virtue of the policy.' Had there been no policy, there would be no claim and no lawsuit. The claim arises because of the policy." *Id.* Therefore, the two year statute of limitations applied to the plaintiffs' claims even though those claims were presented to the

---

6. Although Count II of Nunheimer's complaint actually alleges violations of "Chapter 93," all parties have treated the issue as an alleged violation of Chapter 93A. *See* Sec. Am.Compl. ¶ 18.

7. Failure to argue the point, of course, warrants its summary rejection. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

8. Accrual of a chapter 93A claim typically occurs at the time injury results from the alleged unfair or deceptive act. *See Cambridge Plating Co., Inc. v. Napco, Inc.*, 991 F.2d 21, 25 (1st Cir.1993). In the case at bar, the alleged unfair or deceptive act was the denial of coverage. The injury which resulted from that denial was the financial loss suffered by the claimant that occurred immediately upon the denial of coverage.

court as a negligence suit. *See id.; see also Cramer*, 1997 WL 416587, at *1–2 (holding that plaintiff's breach of contract and negligence claims, generally subject to six and three year statutes of limitations respectively, were simply actions on a policy covered by section 99, and therefore, subject to the two year statute of limitations set forth in that law). Similarly, Nunheimer's claims under Chapters 93A and 176D are undoubtedly claims that exist "by virtue of the policy," regardless of whether the claims are characterized as unfair or deceptive business and claims settlement practices, respectively. The controlling statute of limitations, therefore, is the two year period under section 99. In short, because Nunheimer's claim for recovery of benefits under the policy is time-barred, this Court holds that his claims under Chapters 93A and 176D are also time-barred, as they are both claims based on a policy governed by section 99.

SO ORDERED.