Burnes, J.

INTRODUCTION

Plaintiff Mario Khayat (“Khayat”) has filed this action against defendant Vermont Mutual Insurance Company (“Vermont Mutual”), contending that Vermont Mutual failed to compensate Khayat under an insurance contract for losses suffered as a result of a fire at Khayat’s place of business.
Vermont Mutual has brought a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. After a hearing, and for the reasons set forth below, the Defendant’s Motion for Summary Judgment is ALLOWED.

BACKGROUND

On July 30, 1997, a fire swept through plaintiff Mario Khayat’s business, Finest Tailoring, in Framing-ham, resulting in $154,000 in losses. Khayat held an insurance policy in the amount of $125,000 issued by defendant Vermont Mutual which covered Khayat’s business.
Subsequent to the fire, Khayat filed a Proof of Loss with Vermont Mutual, seeking to recover the proceeds of the insurance policy. Vermont Mutual began an investigation into the origins of the fire, and was allegedly informed that the fire was suspicious, and that fire officials had determined that arson had been the cause. On November 19, 1997, Vermont Mutual informed Khayat that, in connection with its investigation, it would require Khayat to be examined under oath pursuant to the terms and conditions of the insurance policy. Vermont Mutual also requested that Khayat produce certain documents at the examination, and informed him that his failure to do so may constitute a breach of the insurance contract which could void coverage under the policy.
On December 1, 1997, Vermont Mutual examined Khayat under oath. At the examination, Khayat was unable to produce all of the requested documents, but agreed to search for and later produce the aforementioned documents. Khayat also agreed to allow Vermont Mutual access to certain bank records by executing two authorization forms. On the following day, December 2, 1997, Vermont Mutual rejected the Proof of Loss submitted by Khayat.
On January 15, 1998, Vermont Mutual provided to Khayat a transcript of his examination, as well as the bank authorization forms for his signature. Khayat did not respond to this correspondence until September 8, 1998, at which time his counsel returned to Vermont Mutual the errata sheet from Khayat’s examination. Khayat, however, never produced the documents requested by Vermont Mutual, nor did he sign or return the bank authorization forms. Indeed, there were no further communications between Khayat and *351 Vermont Mutual until October 17, 2000, when Khayat served upon counsel for Vermont Mutual a copy of the summons and complaint in this case, filed in Middle-sex Superior Court on July 26, 2000.

DISCUSSION

The Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Nashua Corp. v. First State Insurance Co., 420 Mass. 196, 202 (1995); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, supra at 17. In deciding a motion for summary judgment, the Court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community National Bank, supra at 553. In making the determination whether a genuine issue of material fact exists, the Court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. Willits v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991).
In moving for summary judgment, Vermont Mutual has advanced several theories under which it contends it is entitled to judgment. Primarily, it asserts that Khayat failed to file his complaint within two years from the time his loss occurred, as required by both the statute of limitations set out in G.L.c. 175, §99, the section of the General Laws governing fire insurance policies, and by the plain terms of the insurance policy.
General Laws c. 175, §99 provides, in relevant part, “(nlo suit or action against [the insurance company] for the recovery of any claim by virtue of [an insurance] policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred ...” The insurance policy’s time limitation provision is identical to this statutory provision.
The fire which caused Khayat’s loss occurred on July 30, 1997.[1] As such, Khayat was required to file his suit against Vermont Mutual by July 30, 1999. The action was not filed until July 26, 2000, nearly one year after the expiration of the two-year limitations period set forth in both G.L.c. 175, §99, and the policy itself.
In his opposition to summary judgment, Khayat maintains that the two-year statute of limitations should not apply to him because counsel for Vermont Mutual made certain representations to Khayat, and those representations estop Vermont Mutual from seeking dismissal. To this end, Khayat asserts that there is a triable issue of material fact with respect to whether representations made by Vermont Mutual “were so contrary to the general principles of fair dealing as permanently or temporarily to estop [Vermont Mutual] from asserting the protective provisions of the [insurance] policy,” and that the holding of Gallant v. Federal Mutual Insurance Co., 354 Mass. 146 (1968), supports his position that this Court should allow á trial to proceed on the issue of whether certain inequitable conduct by Vermont Mutual might well have “trumped” the two-year statute of limitations.
Although this Court has considered Khayat’s arguments, it disagrees with his analysis. Khayat has provided no evidence by way of affidavit or otherwise to support his claim of estoppel.[2] However, assuming that Khayat had presented evidence supporting such a claim, the statute of limitations governing Massachusetts fire insurance would still bar this action. “Section 99 of G.L.c. 175 .. . states broadly that no action for recovery of any claim by virtue of the policy shall be sustained unless brought within two years from the time of the loss.” J.&T. Enterprises, Inc. v. Liberty Mutual Insurance Co., 384 Mass. 586, 588 (1981) (emphasis added). Even if Khayat’s estoppel claim is not one “by virtue of the policy,” the claim is still barred. The statute itself bars the claim. See Batsford v. Family Farm Mutual Insurance Co., Civ. No. 94-3743 (Superior Court, March 26, 1996) (Cowin, J.).
Khayat’s reliance on Gallant, supra, is also unhelpful to his contentions. In Gallant, the plaintiffs contended that the defendant insurance company was estopped from denying coverage under the identical statute of limitations presented here as a result of the conduct of one of the insurance adjusters who, shortly after the loss, led the plaintiffs to believe that the dispute might be settled. Gallant, supra at 147. The Supreme Judicial Court found that the conduct of the insurance company and its agents did not permanently estop the company from relying on the limitation provision. Further, even if estoppel existed, the Court held that the plaintiffs’ suit was barred because they did not commence suit reasonably promptly after they were notified of the denial of coverage. In that case, filing suit eleven months after coverage was denied was held to be too long.[3]
Even if estoppel had existed, it would not have continued from December 1997 to July 2000, some thirty-one months after Vermont Mutual denied *352 Khayat’s proof of claim. “Estoppels are not be regarded with favor nor are they to be extended beyond the requirements of the situation which gave use to them.” Id. at 151. Therefore, for the above-stated reasons, Vermont Mutual’s summary judgment motion is allowed and judgment shall enter for the defendant.[4]

ORDER

It is therefore ORDERED that the Defendant’s Motion for Summary Judgment is ALLOWED.

 Although G.L.c. 175, §99 does not define the term “loss” for purposes of the commencement of the statute of limitations, courts have consistently interpreted the word to mean the fire or incident causing the damage to the property. Nunheimer v. Continental Insurance Co., 68 F.Supp.2d 75, 78 (D.Mass. 1999) (summary judgment for defendant insurer allowed where plaintiff failed to file suit under fire insurance policy within two years after loss).

 As noted above, if the party moving for summary judgment establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Khayat’s failure to produce any evidence by way of affidavit, deposition, interrogatory, or admission is enough for the allowance of Vermont Mutual’s summary judgment motion. See Mass.R.Civ.P. 56(e).

 Indeed, Gallant, supra, is a powerful precedent in favor of Vermont Mutual. The Supreme Judicial Court in that case found for the defendant insurer even where the insurer rejected the plaintiffs’ claim nearly one month after the two-year statute of limitations had expired. Here, Vermont Mutual rejected Khayat’s claim in December 1997, giving Khayat approximately twenty months to file suit before expiration of the limitations period.

 Because this Court has disposed of the action on the statute of limitations issue, it need not address any alleged deficiencies with Khayat’s service of process on Vermont Mutual.