ELSEY v HASTINGS MUTUAL INSURANCE COMPANY

Docket No. 81550. Submitted February 12, 1986, at Grand Rapids. Decided May 7, 1987.

David B. Elsey and Sue Ellen Elsey brought an action in the Calhoun Circuit Court against Hastings Mutual Insurance Company and Home Insurance Company, the insurers who had issued them successive homeowner's insurance policies, seeking to recover money for damage to their house caused by its gradual collapse. The trial court, Stanley Everett, J., granted defendants' motions for accelerated judgment, ruling that plaintiffs had not filed their action within twelve months after the inception of their loss as provided by the terms of the insurance policies. Plaintiffs appealed.

The Court of Appeals *held:*

The trial court correctly ruled that plaintiffs' action was not filed within twelve months of the inception of their loss. Plaintiffs had noticed indications of damage starting in early 1979; consulted an attorney regarding their legal recourse in 1981; consulted a construction company owner in 1982, who measured the house and concluded that the weight of a fireplace in the living room was pulling the house down; consulted another attorney in 1982; filed claims with defendants in 1982; retained an engineer in 1983, who concluded that the house was indeed collapsing; and filed their action shortly thereafter. The Court of Appeals rejected plaintiffs' contention that the "inception of the loss" in this case was not until plaintiffs had knowledge of the cause of the loss, i.e., when the engineer submitted his report in 1983. Plaintiffs knew or reasonably should have known of the damage to their house in 1981.

Affirmed.

Shepherd, J., dissented. He would hold that there remains a question whether plaintiffs should have known that their house was collapsing, i.e., sinking, bulging, cracking, pulling away of the wall so as to impair its function of supporting the super-

References

Am Jur 2d, Insurance §§ 1876 *et seq.*
See the annotations in the Index to Annotations under Insurance and Insurance Companies.

structure and destroying the house's efficiency as a habitation, earlier than one year before they filed suit. Judge SHEPHERD would hold that a determination of this question is more properly made in the trial court and would remand the case for that determination.

INSURANCE — HOMEOWNER'S INSURANCE — LIMITATION OF ACTIONS.

An action for the recovery of a claim for loss under a homeowner's policy with a statutory standard fire insurance policy twelve-month period of limitation is not timely filed where the claimant knew or reasonably should have known of the loss more than one year before the commencement of the action (MCL 500.2832; MSA 24.12832).

*Holmes, Mumford, Schubel, Norlander & Mac-Farlane* (by *James D. Norlander*), for plaintiffs.

*James, Dark & Brill* (by *John C. Fish*), for defendant Hastings Mutual Insurance Company.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald* (by *Ronald G. Musto* and *Martin L. Ditkof*), for defendant Home Insurance Company.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. A. ROBERSON,* JJ.

PER CURIAM. On August 17, 1983, plaintiffs filed a complaint against defendants Hastings Mutual Insurance Company and Home Insurance Company seeking to recover damages from each under their homeowner's policies for the collapse of plaintiffs' home. Defendants filed separate motions for accelerated judgment pursuant to GCR 1963, 116.1(5), now MCR 2.116(C)(7), on the basis that plaintiffs' claim was barred by the applicable period of limitation. The trial court agreed and granted defendants' motions. Plaintiffs appeal as of right. We affirm.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Home had contracted with plaintiffs to provide homeowner's insurance covering plaintiffs' home from October 24, 1978, to October 24, 1979. Upon expiration of that policy, plaintiffs insured their home with Hastings. In early 1979, plaintiffs noticed a hairline crack in their living room fireplace. Some time between August, 1979, and October, 1979, plaintiffs noticed a slight depression in their living room floor. In November, 1979, plaintiffs discovered a slight drop-off in the floor in front of the fireplace. Around this same time plaintiffs also discovered cracks along the ceilings inside the house. In the spring or summer of 1981, Mrs. Elsey consulted John Lawrence, an attorney with whom she worked, stating that her home was collapsing and seeking advice as to plaintiffs' legal recourse. Lawrence gave plaintiffs the name of another attorney to consider the possibility of a lawsuit.

Meanwhile, plaintiffs consulted with Pearl Troxel, the owner of a construction company, to evaluate the condition of their home. Troxel informed plaintiffs that their house was sinking, but he was unable to pinpoint the cause, i.e., whether it was due to settling or some other factor. Troxel advised plaintiffs to have the house remeasured the following year. Troxel came back to remeasure in the spring of 1982.

In June, 1982, plaintiffs finally consulted the attorney to whom they had been referred. In December, 1982, upon the attorney's advice, plaintiffs sent notice of the damage to their home to both Home and Hastings. The claims were denied by each in January and March, 1983, respectively.

On the attorney's advice, plaintiffs then hired an engineer to evaluate their home. On June 28, 1983, the engineer submitted a report to plaintiffs which indicated that their house was collapsing.

Thereafter, plaintiffs filed this action in circuit court seeking to collect for the damage to their home. Both defendants' motions for accelerated judgment were granted on the basis that the action was not commenced within the applicable period of limitation as set forth in the terms of the policy.

MCL 500.2832; MSA 24.12832 sets forth the statutorily required standard fire insurance policy. The limitation period at issue herein is identical to the statute at lines 157 to 161:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

This period of limitation begins to run from the date of the loss. *In re Certified Question, Ford Motor Co v Lumbermen's Mutual Casualty Co,* 413 Mich 22, 38; 319 NW2d 320 (1982). Plaintiffs contend, however, that the inception of their loss and, hence, the accrual of their cause of action, occurred on June 28, 1983, when they received the report from the engineer which concluded that the house was collapsing and not merely settling. Plaintiffs contend that even though they knew the damage to their home had occurred, e.g., cracks in the fireplace and ceiling and a dip in the floor, they were not required to bring suit until they had knowledge of the cause of the damage, i.e., collapse rather than settlement. Hence plaintiffs wish us to interpret the phrase "inception of the loss" as being the time at which they had knowledge of the cause of the loss rather than the date of the loss. We decline to do so.

Without getting into an interpretation of "inception of the loss" we find plaintiffs' argument to be flawed. Even taking plaintiffs' contention as the law, we nevertheless find that the "inception of the loss," i.e., (in plaintiffs' terms) knowledge of the cause of the loss, could have taken place no later than one year from the time Pearl Troxel evaluated plaintiffs' house. At the time of Troxel's first evaluation he told plaintiffs to have the house remeasured in one year to determine the cause of the sinking. Testimony indicates that Troxel came back one year later and that, in his opinion, the weight of the fireplace was pulling the house down. Even without Troxel's evaluation, plaintiffs nevertheless had a duty, after being informed that the house was sinking, to have the house remeasured in 1982. At this time they would have had knowledge that the house was collapsing.

Moreover, it appears that plaintiffs knew or reasonably should have known of the damage to their home as early as the summer of 1981 when Mrs. Elsey consulted with John Lawrence. At this time, Mrs. Elsey indicated that her house was collapsing. We are of the opinion that plaintiffs should have immediately consulted the builder and an engineer to ascertain the cause of the damage to their home. It was at this time that plaintiffs should have consulted an attorney to ascertain their legal rights. Any other conclusion would prejudice the insurers.

Plaintiffs appear to be advocating the "discovery rule," which states that the statute of limitations does not begin to run until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he has a possible cause of action. See *Filcek v Utica Building Co,* 131 Mich App 396, 399; 345 NW2d 707 (1984); *Thomas v Process Equipment Corp,* 154 Mich App

78; 397 NW2d 224 (1986). Plaintiffs' argument fails since, through the exercise of reasonable diligence, they should have discovered their loss. Accordingly, accelerated judgment in favor of defendants was appropriate.

Affirmed.

SHEPHERD, J. *(dissenting).* I dissent and would remand the case for determination of when the loss occurred.

Plaintiffs filed this action on August 17, 1983. The trial court found that plaintiffs' policy covers damage resulting from "collapse of the house, but excludes settling, cracking, shrinking, among other things." The trial court also noted that the word "collapse" does not require a total collapse, relying on *Vormelker v Oleksinski,* 40 Mich App 618, 631; 199 NW2d 287 (1972), which apparently interpreted a similar policy. MCL 500.2832; MSA 24.12832 requires this action to have been brought within twelve months after "inception of the loss." The trial court noted that the one-year period did not begin to run until plaintiffs had knowledge of the loss. The question then was when such knowledge existed.

This Court accepted the following definition of "collapse" in *Vormelker, supra* at 630:

> "Collapse, as used in this policy, means a sinking, bulging, cracking, pulling away of the wall so as to impair its function of supporting the superstructure and destroying its efficiency as a habitation."

The majority in the instant case ignores this definition and attempts to avoid "getting into an interpretation of 'inception of the loss,'" apparently with regard to whether knowledge of the loss

is required. The majority then determines, however, using knowledge of the cause of the loss as the meaning of "inception of the loss," that plaintiffs had knowledge of the loss no later than one year from the time Troxel first evaluated their house. I do not believe such a determination is proper for this Court. While that may ultimately prove to be the time when the limitations period began running, I believe the trial court must make that determination.

The trial court found only that plaintiffs' knowledge of the loss occurred in August, 1981, after talking to Troxel, when plaintiffs knew "that they had a severe problem, although they were unaware of the real nature of it." This does not satisfy the *Vormelker* definition of collapse or knowledge of collapse. The court's finding admits that the cause of the damages was still unknown at that time. It is clear that plaintiffs knew their house was collapsing in December, 1982, when they sent a claim to both insurers, knowledge that was confirmed on June 28, 1983, when they received the engineer's report. Plaintiffs' suit was filed within one year of sending those claims. The question remains, however, whether plaintiffs should have known that their house was collapsing within the meaning of *Vormelker* earlier than one year before they filed suit.

I believe the record is devoid of sufficient findings with regard to that fact. Merely knowing of a "severe problem" is not enough to meet the definition, and Troxel's statements do not appear to be enough on the record before us. I would remand for the trial court to determine at what point plaintiffs should have known that their house was collapsing under the *Vormelker* definition.