EDIMAR CAMPOS *vs.* DIANA VAN HOUTUM. No. 97-P-1060. September 10, 1998. *Judgment*, Preclusive effect.

The pivotal question here involves issue preclusion: whether it was error in this civil matter to permit the parties to relitigate the issue whether the plaintiff was the defendant's employee, where the defendant had been convicted criminally for failure to carry workers' compensation insurance, but the criminal conviction was on appeal at the time of the civil trial. A Superior Court judge ruled that, because of the pendency of the criminal appeal, principles of issue preclusion did not apply, and thus the question whether

there was an employee-employer relationship was open for determination by the jury.[1] The judge's ruling was erroneous.

To three special questions, the civil jury responded in the following manner: (1) that the plaintiff was not the defendant's employee; (2) that based on question (1), they need not answer the question whether the injury occurred during the course of employment; and (3) that total damages were $125,000.[2] The plaintiff's motion for a new trial was denied on March 20, 1996. On June 5, 1996, this court affirmed the defendant's criminal conviction for failure to carry workers' compensation insurance. The plaintiff then filed a motion for relief from judgment, calling the court's attention to this court's affirmance of the defendant's conviction. That motion was denied.

The Supreme Judicial Court decided *O'Brien* v. *Hanover Ins. Co.*, 427 Mass. 194, 200-201 (1998), on April 8, 1998. Acknowledging in that case that it had not decided the question whether a judgment of a lower court should be considered final while it is on appeal so as to have preclusive effect, the court proceeded to adopt the Federal rule, which it noted is followed by a majority of the States, "that a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal." *Id.* at 201. Applying that ruling to the instant case, preclusion principles apply, and the judge should not have given effect to the jury's conclusion that the plaintiff was not the defendant's employee.[3]

We do not need to remand this matter, because the finding of the Department of Industrial Accidents that the plaintiff's injury occurred during the course of employment has not been challenged here or otherwise collaterally attacked. See note 2, *supra*.

Accordingly, the judgment is vacated, and a new judgment is to be entered for the plaintiff in the amount found by the jury.

*So ordered.*

*Karen E. Wier* for the plaintiff.
*Samuel C. Sichko* for the defendant.

---

[1]The defendant has not taken a cross appeal and thus has waived any claim on appeal against the plaintiff.

[2]It may reasonably be inferred that question 3 was submitted to the jury as a matter of prudence in case the judge's ruling on issue preclusion was incorrect, which we conclude it was. Cf. *Soares* v. *Lakeville Baseball Camp*, 369 Mass. 974, 975 (1976).

[3]The judge did not err in submitting that question to the jury, because if the criminal conviction had been overturned on appeal, the parties would not have had to revisit this issue. See *Southern Pac. Communications Co.* v. *American Tel. & Tel. Co.*, 740 F.2d 1011, 1018-1019 (D.C. Cir. 1984) (remedy where prior judgment on precluded issue is reversed is to allow parties to reopen second case). Compare Wright, Miller & Cooper, 18 Federal Practice and Procedure § 4433 (1981), where the authors support the rule that "preclusion applies pending appeal," but suggest that "strong reasons must be found to justify proceeding with the second action pending appeal from the first judgment." *Id.*, § 4433, at 315. See Restatement (Second) of Judgments § 13 comment (f) (1982).