NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-653                                          Appeals Court


          KARL NURSE  vs.  OMEGA US INSURANCE, INC.


                     No. 14-P-653.

     Suffolk.     January 13, 2015. - October 5, 2015.

          Present:  Trainor, Vuono, & Hanlon, JJ.


Insurance, Coverage, Water damage.  Contract, Insurance.
     Limitations, Statute of.  Practice, Civil, Summary
     judgment, Declaratory proceeding, Statute of limitations,
     Commencement of action.


     Civil action commenced in the Superior Court Department on
December 28, 2011.

     The case was heard by Edward P. Leibensperger, J., on a
motion for summary judgment.


     James M. Dunn for the plaintiff.
     Thomas M. Prokop for the defendant.


     VUONO, J.  This case arises from the denial of coverage by

the defendant, Omega US Insurance, Inc. (Omega[1]), for water

damage to a multi-unit residence owned by the plaintiff, Karl

Nurse.  The damage is alleged to have been caused by a burst

        _____

        [1] Omega's successor-in-interest is Canopius US Insurance,
Inc.  We use the name Omega as did the judge and the parties.

pipe which resulted from frigid weather.  A judge of the Superior Court granted summary judgment in favor of Omega on the ground that Nurse's action for declaratory relief and breach of contract was barred by the two-year statute of limitations set forth in G. L. c. 175, § 99, Twelfth (the statute or § 99), and incorporated as a provision of the policy.[2]  While there is no dispute that Nurse did not commence this action within two years of the date the loss occurred, he contends that his complaint was nevertheless timely because the so-called "discovery rule" applies to toll the statute of limitations period.  We conclude that the discovery rule does not apply in these circumstances and, therefore, summary judgment was proper.

Background.  The material facts, in the light most favorable to Nurse, the nonmoving party, are as follows.[3]  Nurse owns a three-unit residence (property or building) located at 294 Shawmut Avenue in Boston.  The property was insured under a dwelling policy issued by Omega for the period from April 27,

---

[2] The statute provides, in relevant part:

"No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this Commonwealth unless commenced within two years from the time the loss occurred . . . ."

G. L. c. 175, § 99, Twelfth, as appearing in St. 1951, c. 478, § 1.

[3] See Pinti v. Emigrant Mort. Co., 472 Mass. 226, 231 (2015).

2009, to April 27, 2010. The policy was subject to the requirements of G. L. c. 175, § 99, Twelfth, which sets forth standard terms applicable to all fire insurance policies in the Commonwealth including a two-year statute of limitations for any claims covered by such policies.[4]

In December, 2009, the property was vacant except for ongoing construction work in the third-floor unit, which required that the plumbing supplying water to that unit remain active.[5] Both December 17 and December 18 were extremely cold days with high temperatures reported at Logan Airport of twenty-six and twenty-eight degrees Fahrenheit, respectively. On December 19, 2009, which was also a cold day with a high temperature of thirty-two degrees, records from the Boston Water and Sewer Commission (commission) show that the rate of water usage at the property dramatically increased from fifteen cubic feet of water every six hours for the period between December 1

---

[4] The pertinent policy language states, "No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date loss or damage occurs."

[5] To operate the plumbing while the building was vacant, Nurse was obligated under the policy to ensure that the heating system was set to at least fifty-five degrees. Records of electricity use during the period in question established that the heating system was not operating. Nurse maintains, however, that he left an electric space heater in the front hallway of the building to maintain a minimum level of heating. These facts, while relevant to other defenses raised by Omega, have no bearing here.

and December 18, to approximately 260 cubic feet of water every six hours. This rate of water usage continued from December 19 to December 28, 2009, and in excess of 8,000 cubic feet of water was released during that period. The damage for which Nurse seeks coverage occurred on December 19, 2009, the day on which the water usage first spiked.[6] On December 28, 2009, the commission notified Nurse of the increased water usage; he went to the property that day, where he discovered substantial water damage to the building. He traced the damage to a leak under the sink in the third-floor unit, and he immediately shut off the water supply.[7]

Nurse subsequently filed a claim for coverage under the policy, which Omega denied on January 14, 2011, following a year of investigation. On December 28, 2011, Nurse brought this action, seeking a declaration that Omega provide coverage for

---

[6] Nurse claims to have entered the property on December 21, 2009, and to have seen no water damage, but he only entered the front hallway and did not observe the third-floor unit where the leak occurred. In any event it is undisputed that the leak -- and damage -- occurred on December 19, 2009.

[7] A subsequent investigation revealed that a soldered joint of a copper pipe supplying water to the kitchen sink in the third-floor unit had failed. There was no indication of rust, corrosion, or any other structural defect in the pipe or the joint. Nurse asserts that he found a sliding door on the deck open and speculated that it had been left open by the contractor.

the damage to the property.[8]  Omega filed a motion for summary judgment asserting, among other defenses, that Nurse's complaint was barred by application of the statute of limitations, as the loss occurred on December 19, 2009, and Nurse waited until December 28, 2011, more than two years later, to file suit.[9]  The judge agreed with Omega and concluded that Nurse's suit was time barred.  In reaching his conclusion, the judge explicitly rejected Nurse's argument that the discovery rule should apply to toll the statute of limitations in § 99.

Discussion.  Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).  We review a decision to grant summary judgment de novo.  See Ritter v. Massachusetts Cas. Ins. Co., 439 Mass. 214, 215 (2003).

---

[8] The complaint also alleged that Nurse was entitled to recover damages because Omega (1) breached its contract by declining to pay damages and (2) engaged in unfair insurance practices.

[9] The judge considered Nurse's failure to file his suit within the limitations period as dispositive, and therefore, the judge did not reach Omega's additional arguments for summary judgment.  These were that Nurse had failed to comply with a condition precedent (his obligation to use reasonable care to maintain heat at the property) and the so-called "freeze-up" exclusion contained in the policy.  Given our conclusion, we likewise do not reach these issues.

As we have noted, neither party disputes that the water damage or "loss" occurred on December 19, 2009, that Nurse filed his complaint on December 28, 2011, or that the two-year statute of limitations applies.[10]  Instead, Nurse urges us to reject the judge's rationale and apply a discovery rule to the commencement of the two-year limitations period provided by § 99 and the policy.[11]  This raises the question whether the discovery rule applies in this context.

A brief review of the history of the discovery rule is helpful to our discussion.  As the judge explained in his order granting summary judgment in favor of Omega, in Massachusetts the discovery rule operates to toll certain statutes of limitations for particular types of claims until the claimant discovers, or reasonably should have discovered, the damage. Felton v. Labor Relations Commn., 33 Mass. App. Ct. 926, 927 (1992).  The discovery rule was first adopted by the Supreme Judicial Court in Hendrickson v. Sears, 365 Mass. 83 (1974).  In

---

[10] While our review is de novo, we agree with the judge's well-reasoned memorandum of decision.

[11] In addition to urging us to apply the discovery rule, Nurse also argues that the question whether he should have been aware of the water damage before December 28, 2009, the date he was notified by the commission of the increase in water usage, is one of fact that should be decided by a fact finder.  See Silvestris v. Tantasqua Regional Sch. Dist., 446 Mass. 756, 766-767 (2006).  However, given our conclusion that the discovery rule does not apply, the date on which Nurse reasonably should have been aware of the damage is not relevant.

Hendrickson, the court applied the rule to a claim of legal malpractice and "held that, if an attorney's negligent title search overlooked an easement of record and the title defect was, in the circumstances, inherently unknowable by his clients, their cause of action against him did not accrue until they discovered or should reasonably have discovered the attorney's misrepresentation concerning the record title." Bowen v. Eli Lilly & Co., 408 Mass. 204, 206 (1990) (summarizing the holding in Hendrickson v. Sears, supra). The rule was later applied to claims of fraudulent misrepresentation, see Friedman v. Jablonski, 371 Mass. 482, 485 (1976), and to medical malpractice actions, see Franklin v. Albert, 381 Mass. 611, 618-619 (1980). See also Harrington v. Costello, 467 Mass. 720, 724 (2014) (relying on Friedman v. Jablonksi, supra). In each instance, the court was construing statutes that set forth limitations periods that began when a cause of action "accrued." As the court noted in Bowen, it developed "a discovery rule for the purpose of determining when a cause of action accrues." Bowen v. Eli Lilly & Co., 408 Mass. at 205. In this case we are not construing language pertaining to when a cause of action "accrues."

We see no basis for extending the discovery rule to insurance cases governed by § 99. Unlike the situations where the discovery rule was initially applied, such as Hendrickson v.

Sears, supra, the damage here was not "inherently unknowable." Also, neither party has provided us with a case directly on point, nor have we found one.[12]  However, J. & T. Enterprises, Inc. v. Liberty Mut. Ins. Co., 384 Mass. 586 (1981), is instructive.  In that case, the Supreme Judicial Court held that the two-year statute of limitations set forth in § 99 barred an action on a fire insurance policy commenced more than two years after a fire occurred at the insured property (a restaurant) even though it was unclear when the plaintiff, a mortgagee of the property, first learned of the fire.  Of significance is the court's strict application of § 99 in ruling that the action was barred as untimely regardless of who had authority to bring suit.  Id. at 587-588, 590.

More recently in Hawley v. Preferred Mut. Cas. Co., 88 Mass. App. Ct. 360, 364 (2015), we cited J. & T. Enterprises, Inc., noting that "it is well settled that the statute of limitations begins to run at the time the loss occurred." Specifically at issue in Hawley was whether the provision of § 99 providing for the tolling of the statute of limitations applied in the circumstances presented; this court determined that it did not and that the limitations period was not tolled.

---

[12] Nurse's reliance on Providence Builders, LLC v. Philadelphia Indem. Ins. Co., 83 Mass. App. Ct. 1127 (2013), a summary decision issued pursuant to our rule 1:28, does not help him.  The decision has no precedential value and, in any event, is distinguishable.

In construing Massachusetts law in <u>Nunheimer</u> v. <u>Continental Ins. Co.</u>, 68 F. Supp. 2d 75, 78 n.5 (D. Mass. 1999), a Federal District Court judge determined that the discovery rule does not apply to the statute of limitations in § 99.  There, the judge concluded that the "loss" referenced by the statute is the incident "causing the damage to the property" rather than the denial of insurance benefits, reasoning that prior State court decisions reflected this interpretation "unequivocally."  See <u>id</u>. at 78.[13]  Outside of Massachusetts, the application of the discovery rule in this context varies across jurisdictions, and we draw no clear guidance from the relevant decisions.[14]

---

[13] In <u>Mulhern</u> v. <u>Philadelphia Indem. Ins. Co.</u>, 802 F. Supp. 2d 317, 322 (D. Mass. 2011), the insurer moved for partial summary judgment on statute of limitations grounds.  A different Federal District Court judge, construing Massachusetts law, assumed that the discovery rule applied to a loss governed by § 99 in a situation where the damage occurred gradually and there was a question of fact as to when it could reasonably have been perceived.  Consequently, the judge denied the insurer's motion.  (It is noteworthy that the decision does not contain any analysis of the distinction between the Massachusetts cases that adopt the discovery rule -- construing statutes with "accrual" language -- and cases under § 99 using "loss occurred" as the starting date for the running of the limitations period.)

[14] Some jurisdictions have adopted a version of the discovery rule in the insurance context.  See, e.g., <u>Prudential-LMI Commercial Ins.</u> v. <u>Superior Ct.</u>, 51 Cal. 3d 674, 686 (1990) (announcing "delayed discovery rule" for "accrual of a cause of action" by which "inception of the loss" occurs when "appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered"); <u>Jackson</u> v. <u>State Farm Fire & Cas. Co.</u>, 108 Nev. 504, 509 (1992) (limitations period triggered by "manifestation of loss" which

More fundamentally, we agree with the judge that the plain language of the statute does not support the application of the discovery rule. "[C]onsistent with our general practice of

_____

occurs when "appreciable damage occurs and is or should be known to the insured") (citations omitted). See also Elsey v. Hastings Mut. Ins. Co., 161 Mich. App. 484, 488 (1987) (implicitly applying discovery rule in concluding that plaintiffs' claim was time barred because, "through the exercise of reasonable diligence, they should have discovered their loss").

However, in extending these principles several courts have indicated that the discovery rule is only appropriate where a claim is predicated on a "nonobvious injury or loss." See, e.g., Parker v. Worcester Ins. Co., 247 F.3d 1, 4 & n.4 (1st Cir. 2001) ("no one would expect an insured to be stripped of coverage where a reasonable person would not have detected the injury or loss"); Prudential-LMI Commercial Ins. v. Superior Ct., 51 Cal. 3d at 681 ("delayed discovery rule" appropriate where plaintiffs were "blamelessly ignorant" of objective facts underlying claim); O'Reilly v. Allstate Ins. Co., 474 N.W.2d 221, 223 (Minn. Ct. App. 1991) (extending delayed discovery rule in cases involving latent or progressive property damage).

Other courts have altogether declined to extend the discovery rule to limitations periods in the insurance context, reasoning that a loss occurs or "has its inception" when the casualty insured against takes place irrespective of when the damage is discovered. See, e.g., Sager Glove Corp. v. Aetna Ins. Co., 317 F.2d 439, 441 (7th Cir.), cert. denied, 375 U.S. 921 (1963) ("[t]he loss occurs and has its 'inception' whether or not the insured knows of it"); Harvey Fruit Mkt., Inc. v. Hartford Ins. Co., 294 Ill. App. 3d 668, 669 (1998) ("date utilized for determining the date of loss is the date on which the actual physical loss of property occurred"); Moore v. Mutual of Enumclaw Ins. Co., 317 Or. 235 (1993) (unlike statutes referencing accrual of cause of action, statute referencing inception of loss not amenable to discovery rule); Borgen v. Economy Preferred Ins. Co., 176 Wis. 2d 498, 505 (Ct. App. 1993) ("'inception of the loss' clearly and unambiguously means the date on which the loss occurs . . . '[i]nception' means 'beginning; start; commencement'") (citations omitted).

statutory interpretation, we look first to the language of the statute because it is 'the principal source of insight' into the intent of the Legislature." Sisson v. Lhowe, 460 Mass. 705, 708 (2011), quoting from Bishop v. TES Realty Trust, 459 Mass. 9, 12 (2011). In instances where the discovery rule has been extended, the governing statute of limitations required a determination of when the cause of action accrued, as opposed to when the "loss occurred."[15] By contrast, § 99 does not reference accrual.[16]

---

[15] As discussed previously, the Massachusetts cases that have both adopted and extended the discovery rule construe language pertaining to the accrual of a cause of action. Friedman v. Jablonksi, 371 Mass. at 484, involved G. L. c. 260, § 2A, as then in effect, which provided in pertinent part: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within two years next after the cause of action accrues" (emphasis supplied). Franklin v. Albert, 381 Mass. at 612 n.3, involved G. L. c. 260, § 4, as then in effect, which provided, in pertinent part: "Actions of contract or tort for malpractice, error or mistake against physicians, surgeons, . . . hospitals . . . shall be commenced only within three years next after the cause of action accrues" (emphasis supplied).

[16] The judge further noted that even if a discovery rule applied to Nurse's claim, it was likely the claim would nevertheless be barred. The discovery rule starts the running of the statute of limitations when a claimant reasonably should know of his loss. The policy required Nurse to inspect the vacant property on a weekly basis ("You, or a responsible adult appointed by you, must inspect the dwelling on a weekly basis to ensure that there are no visible signs of loss or damage to the insured property . . ."). Nurse visited the premises on December 21, 2009, but claims he did not see the damage. As already noted (see note 6, supra), during that visit he did not inspect the premises beyond the hallway. According to the

Moreover, the phrase "loss occurred" is unambiguous. It clearly denotes the time at which the damage to the property happens. As the court observed in J. & T. Enterprises v. Liberty Mut. Ins. Co., 384 Mass. at 588, § 99 "states broadly that no action for recovery of any claim by virtue of the policy shall be sustained unless brought within two years from the time the loss occurred." In Nunheimer v. Continental Ins. Co., 68 F. Supp. 2d at 78, the court interpreted the word "loss" as the incident or event that causes "damage to the property." Accord Hawley v. Preferred Mut. Ins. Co., 88 Mass. App. Ct. at 364. It is well settled that "statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature." Herrick v. Essex Regional Retirement Bd., 77 Mass. App. Ct. 645, 649 (2010), S.C., 465 Mass. 801 (2013), quoting from Sullivan v. Brookline, 435 Mass. 353, 360 (2001). The language we must construe here ("from the time the loss occurred") has not changed since the time the provision was added in 1881,[17] despite the application of the discovery rule in other contexts. The phrase "loss occurred" simply does not rest on a determination of when the loss was discovered. Put simply,

---

judge, "A jury would likely conclude that Nurse should have been aware of the damage by no later than December 21, 2009."

[17] See St. 1881, c. 166, § 1.

if the aim of the Legislature had been to incorporate the notion of accrual into § 99, it would have done so.[18]

For the foregoing reasons, we conclude that the discovery rule does not apply to claims governed by § 99.  Because it was beyond dispute the water damage for which Nurse seeks coverage occurred on December 19, 2009, the statute of limitations began to run on that date.  Accordingly, this action is untimely, and summary judgment was properly granted.

Judgment affirmed.

---

[18] The Supreme Judicial Court's decision in Goldsmith v. Reliance Ins. Co., 353 Mass. 99 (1967), provides additional, albeit somewhat tangential, support for our conclusion.  In that case the court was faced with a conflict between G. L. c. 175, § 22, which provides that an insurance policy may not contain a provision that limits the time within which a cause of action accrues to less than two years, and § 99, which provides that the action must be brought within two years of the time that the loss occurred.  The court determined that the conflict could be resolved by confining the application of § 22 to "nonstatutory limitations."  The court observed that "§ 99, in limiting actions to two years from the time the loss occurs, limits them to less than two years from the time the cause accrues."  Id. at 102.