The plaintiffs, Carlos and Miriam De Oliveira, appeal from a judgment of the Superior Court entered in favor of the defendant, FNBN1, LLC, upon the parties' cross motions for summary judgment. On appeal, the De Oliveiras contend that they are entitled to retroactive application of Pinti v. Emigrant Mort. Co., 472 Mass. 226 (2015) (Pinti ), to invalidate the foreclosure on their property for FNBN1's noncompliance with paragraph 22 of their mortgage; that the foreclosure process was fundamentally unfair because of FNBN1's violation of G. L. c. 244, § 35A ; and that their claim under G. L. c. 140D was brought within the statute of limitations. We affirm.
Background. Carlos De Oliveira[3] purchased a home at 16 Bellevue Avenue, Oak Bluffs, on April 9, 2007. On that same day, he granted a promissory note to First National Bank of Arizona (FNBA) and a mortgage on the property to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for FNBA. On September 6, 2011, MERS assigned the mortgage to FNBN1, and recorded the assignment at the Dukes County registry of deeds.
In early 2011, the De Oliveiras defaulted on the mortgage. Specialized Loan Servicing, LLC, servicer to FNBN1 (servicer), sent Carlos a right to cure letter dated March 14, 2011, in accordance with G. L. c. 244, § 35A. The servicer also sent Carlos three successive notices of default; the last was dated July 12, 2011. The De Oliveiras failed to cure the default, and a foreclosure sale was held on April 25, 2012. FNBN1 recorded a foreclosure deed on July 25, 2012, and on September 17, 2012, initiated a summary process action in the Edgartown District Court.
In June, 2013, a District Court judge allowed FNBN1's motion for summary judgment in the summary process action and judgment for possession entered in favor of FNBN1. In July, 2013, Carlos appealed that decision to the Appellate Division of the District Court, which affirmed the judgment some three and one-half years later, on February 23, 2017.[4] While that appeal was pending, on April 22, 2014, the De Oliveiras filed this action in the Superior Court challenging the 2012 foreclosure. Judgment for FNBN1 entered on December 7, 2016; the judge ruled in the De Oliveiras' favor on their request for an accounting and for FNBN1 on the remainder of the complaint.[5]
Discussion. Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). See Nurse v. Omega US Ins., Inc., 88 Mass. App. Ct. 458, 460-461 (2015). "We review a decision to grant summary judgment de novo." Deutsche BankNatl. Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 565 n.7 (2012). "We may consider any ground supporting the judgment." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
1. Res judicata. In the Superior Court, the De Oliveiras argued that FNBN1 wrongfully foreclosed on their home because the notices of default did not strictly comply with paragraph 22 of the mortgage as required by Pinti, and that FNBN1's failure to provide an adequate right to cure letter under G. L. c. 244, § 35A, rendered the foreclosure fundamentally unfair. The judge ultimately concluded that the De Oliveiras had waived the Pinti issue by failing to raise it on appeal from the summary process judgment. We agree, and further conclude that both the Pinti claim and the § 35A claim are barred by principles of issue preclusion.
"The term 'res judicata' includes both claim preclusion and issue preclusion." Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Ibid., quoting from O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998). "Similarly, issue preclusion 'prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.' " Ibid., quoting from Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). "A party is precluded from relitigating an issue where '(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication,' was essential to the earlier judgment, and was actually litigated in the prior action." DeGiacomo v. Quincy, 476 Mass. 38, 42 (2016), quoting from Kobrin, supra.
As to the first element, final judgment on the merits of the summary process action entered in June, 2013, almost a year before the De Oliveiras filed their Superior Court complaint. See Campos v. Van Houtum, 45 Mass. App. Ct. 918, 919 (1998), quoting from O'Brien v. Hanover Ins. Co., 427 Mass. 194, 200-201 (1998) ("[A] trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal").
Secondly, Carlos was a party to the summary process action, and Miriam, by her own allegations, see note 2, supra, was in privity with him. "[T]he determination whether a nonparty is in privity with a party depends on the nature of the nonparty's interest, whether that interest was adequately represented by a party to the prior litigation, and whether binding the nonparty to the judgment is consistent with due process and common-law principles of fairness." DeGiacomo, 476 Mass. at 43-44. Here, Carlos's interest in preventing FNBN1 from gaining possession was clearly aligned with Miriam's. Binding her to the prior judgment does not offend due process or common-law principles of fairness, as she was aware of the summary process action[6] and, in any event, Carlos adequately represented the relevant interests of all of the property's occupants.
Lastly, as defenses in the summary process action, Carlos asserted that FNBN1 was not entitled to possession because it did not comply with paragraph 22 of the mortgage or with G. L. c. 244, § 35A. Thus, the issues in the prior adjudication were identical to those raised in the Superior Court complaint and were actually litigated.[7] And the issues were essential to the earlier judgment, as resolution in Carlos's favor would have precluded judgment of possession for FNBN1. See Federal Natl. Mort. Assn. v. Rego, 474 Mass. 329, 339 (2016) ("Where the affirmative defenses or counterclaims challenge the right to possession, the judge must resolve those claims as part of the summary process action").
The De Oliveiras further contend that they preserved these issues by explicitly reserving them in Carlos's brief to the Appellate Division. "However, litigants cannot unilaterally reserve rights to bring claims in later actions. Rather, the preservation of claims in this manner is the exclusive province of the court hearing the action." Santos v. U.S. Bank Natl. Assn., 89 Mass. App. Ct. 687, 693 (2016). The De Oliveiras contend that Santos was wrongly decided because it failed to take into account that under Rule 5 of the Uniform Summary Process Rules, "Counterclaims shall not be considered compulsory; that is, they shall not be considered waived for the purpose of a separate civil action or actions if not asserted in a summary process action." Here, however, Carlos did assert his Pinti and § 35A claims in the summary process action, they were decided against him, and he expressly waived them on appeal. The De Oliveiras cannot relitigate these claims in a subsequent action.
2. Chapter 140D claim. The De Oliveiras contend that the judge erred in determining that their G. L. c. 140D claim was time barred. "The Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA), G. L. c. 140D, §§ 1 - 35, governs the rights and duties of creditors and obligors (borrowers or consumers) engaged in consumer credit transactions." May v. SunTrust Mort., Inc., 467 Mass. 756, 756 (2014). Carlos executed the note and mortgage on April 9, 2007. The De Oliveiras filed the Superior Court complaint more than seven years later. The statute of limitations for all claims under the MCCCDA is four years.[8]
The De Oliveiras argue that the discovery rule tolled the statute of limitations because they are not fluent in English and were not represented by counsel at the closing. The discovery rule does not apply in these circumstances. Any alleged defects in the loan documentation were not concealed; they were apparent on the face of those documents. The De Oliveiras' alleged c. 140D claim was not inherently unknowable; it could have been discovered at any time with the exercise of reasonable diligence. See Albrecht v. Clifford, 436 Mass. 706, 714-715 (2002) ; Gore v. Daniel O'Connell's Sons, 17 Mass. App. Ct. 645, 647 (1984).
Finally, the remedy of rescission is plainly unavailable to the De Oliveiras, whether as plaintiffs or defendants-in-counterclaim. See May, 467 Mass. at 761-765. While, theoretically, they might assert a claim of recoupment under c. 140D against FNBN1 to offset any money damages that FNBN1 might have obtained by way of a counterclaim, id. at 765, in this case FNBN1's sole counterclaim was for possession.
Judgment affirmed.

Carlos was the sole mortgagor; however, the complaint alleges that Miriam was involved with all aspects of the real estate transaction, contributed one-half of the down payment, and contributed to the monthly mortgage payments. Also, Carlos and Miriam jointly recorded a Declaration of Homestead.

Carlos has appealed that decision to this court. We affirm the decision and order of the Appellate Division in the summary process action in a separate memorandum and order issued today. See FNBN1, LLC vs. De Oliveira, Mass. App. Ct., No. 17-P-726.

Judgment also entered for FNBN1 on its counterclaim, a single count for possession.

The summary process complaint named Carlos "and all occupants" as defendants, although the final judgment was amended "not to include Miriam deOliveira." The docket sheet lists Miriam as a defendant. She was represented by the same attorney who represented Carlos-and who continues to represent both of them in this court.

In the summary process case, the judge who acted on the first motion for summary judgment discussed the § 35A and paragraph 22 notices. Correctly anticipating the result in U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421, 431 (2014), with respect to the § 35A notice, but failing to anticipate Pinti regarding the requirements of paragraph 22, the judge explicitly rejected the § 35A claim, and implicitly rejected the paragraph 22 claim, on the ground that § 35A is not among the statutes relating to foreclosure by exercise of the power of sale. See DeGiacomo, 476 Mass. at 49 (giving preclusive effect to issue implicitly determined in prior action); Green v. Brookline, 53 Mass. App. Ct. 120, 127 (2001) (same). Carlos could have pursued both of these claims in his appeal to the Appellate Division, and if he had, the rule of retroactivity announced in Federal Natl. Mort. Assn. v. Marroquin, 477 Mass. 82 (2017), would have applied with respect to his Pinti claim. However, as discussed infra, he expressly abandoned his Pinti and § 35A claims in that appeal, purporting to reserve them for litigation in the Superior Court action that is the subject of this appeal.

See G. L. c. 260, § 5A, as appearing in St. 1983, c. 636, § 29 ("Actions arising on account of violations of any law intended for the protection of consumers, including ... chapter one hundred and forty D ... shall be commenced only within four years next after the cause of action accrues"). See also G. L. c. 140D, § 10(f ), inserted by St. 1981, c. 733, § 2 ("An obligor's right of rescission shall expire four years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first").